IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL L. GIVENS,

    Plaintiff,

    v.

Case No. 2:23-cv-1332
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

JOHN LONGWELL, *et al.*,

    Defendants.

**and**

CAROL L. GIVENS,

    Plaintiff,

    v.

Case No. 2:23-cv-1333
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

CLYDE YATES, JR., *et al.*,

    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Carol L. Givens initiated both of these actions on April 14, 2023, by seeking leave to proceed *in forma pauperis*. (ECF Nos. 1.) By Orders dated May 15, 2023, the Court directed Plaintiff to file a supplemental memorandum in support of her *in forma pauperis* applications explaining obvious inconsistencies on or before May 30, 2023, unless she elected to pay the full filing fee in each of the cases prior to that date. (ECF No. 3 in Case No. 2:23-cv-1332 and ECF No. 4 in Case No. 2:23-cv-1333.) Plaintiff did neither by the deadline. Instead, on the designated deadline date, she sought and was granted an extension of time until June 7, 2023. (ECF Nos. 4 and 6 in Case No. 2:23-cv-1332 and ECF Nos. 5 and 7 in Case No. 2:23-cv-

1333.) She also filed motions to consolidate on that same date. (ECF No. 5 in Case No. 2:23-cv-1332 and ECF No. 6 in Case No. 2:23-cv-1333.)

The extended deadline came and went and Plaintiff did not file a supplemental memorandum in support of her *in forma pauperis* application or pay the filing fee in either case. On June 12, 2023, however, Plaintiff filed motions to obtain electronic case filing rights in these cases representing that she was "ONLY ABLE TO PAY FEE(S) BY ELECTRONIC MEANS." Her conclusory statement was not accompanied by any explanation as to why this was so. Thus, the Court, unpersuaded, denied her request for such privileges and formally advised her that she may pay the filing fee in each individual case by check or money order.[1] The Court further advised Plaintiff that it would accept an in-person cash payment made either by Plaintiff or on her behalf in the exact amount of each individual cases filing fee, *i.e.,* $402.00 for Case No. 2:23-cv-1332 and $402.00 for Case No. 2:23-cv-1333. In conclusion, the Court stated:

> Plaintiff, however, may have until July 14, 2023, to pay the full filing fee in each individual case. If Plaintiff opts to make payment by mailing a check or money order ***in each individual case*** to the Court, such mailing should be addressed to the Office of the Clerk, United States District Court for the Southern District of Ohio, 85 Marconi Boulevard, Room 121, Columbus, Ohio 43215. Plaintiff is **ADVISED** that her failure to comply with this Order will result in a recommendation that these cases be dismissed.

(ECF No. 8 in Case No. 2:23-cv-1332 and ECF No. 9 in Case No. 2:23-cv-1333.)

On July 14, 2023, the full filing fee payment for Case No. 2:23-cv-1332 was received by the Clerks Office. Accordingly, Plaintiffs Motion for Leave to Proceed *In Forma Pauperis* in Case No. 2:23-cv-1332 is **DENIED AS MOOT**.

---

[1] Plaintiff previously had been advised through communications she had initiated with the Clerks Office as to her options for submitting payment by other than electronic means.

To date, the filing fee for Case No. 2:23-cv-1333 has not been paid. Nor, as noted above, did Plaintiff supplement her *in forma pauperis* application despite the opportunity to do so.[2] Plaintiffs failure to supplement her *in forma pauperis* application and her election to pay the filing fee in Case No. 2:23-cv-1332 prevents the Court from determining whether Plaintiff was indigent. This fact supports the denial of Plaintiffs application to proceed *in forma pauperis* in Case No. 2:23-cv-1333. *See Flippin v. Coburn*, 107 F. Appx 520, 521 (6th Cir. 2004) (upholding district court denial of motion to proceed in forma pauperis where court had insufficient information from which to determine plaintiffs indigence). Accordingly, it is **RECOMMENDED** that Plaintiffs application to proceed *in forma pauperis* in Case No. 2:23-cv-1333 be **DENIED.**

---

[2] In the Order allowing Plaintiff the opportunity to supplement her *in forma pauperis* application, the Court outlined several inconsistencies:

> In her *in forma pauperis* applications, Ms. Givens declares under penalty of perjury that she does not "own any real estate, stocks, bonds, notes, automobiles, or any other valuable property." (ECF Nos. 1 at 3.) The Courts review of Ms. Givenss proposed "Interpleader" Complaints attached to her applications, however, reveals the following. In Case No. 23-1332, Ms. Givens states that the property in controversy is valued at $149,000.00 and that she "holds entitlement to the property." (ECF No. 1-1 at 6.) In Case No. 23-1333, Ms. Givens states that the property in controversy is valued at $89,000.00 and that she "holds entitlement to the property." (ECF No. 1-1 at 6.) The Court further notes that, on the same date Ms. Givens initiated these cases by seeking to proceed *in forma pauperis*, she filed a Complaint in *Givens v. Vavra*, Case No. 2:23-1330 and paid the full filing fee.
>
> These obvious inconsistencies require clarification because the Court will not tolerate abuses of the *in forma pauperis* statute. *See generally Groulx v. Zawadski*, No. 1:22-CV-12294, 2022 WL 9446546, at *4 (E.D. Mich. Oct. 14, 2022) (discussing that inconsistencies can result in the revocation of *in forma pauperis* status).

(ECF No. 3 in Case No. 2:23-cv-1332 and ECF No. 4 in Case No. 2:23-cv-1333.)

This brings the Court to the matter of the outstanding filing fee in Case No. 2:23-cv-1333. The Courts inherent authority to dismiss a plaintiffs action with prejudice because of the failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b). That Rule provides, in relevant part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation omitted). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. Appx 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

When contemplating dismissal of an action under Rule 41(b), a court must consider:

> (1) whether the partys failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* at 737 (quoting *Knoll*).

Here, Plaintiff was warned that her failure to pay the filing fee would result in dismissal of the action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b)

4

is appropriate). Despite this warning, Plaintiff failed to pay the filing fee. The Court finds that Plaintiffs failure to comply with a clear Order establishing a deadline, under all of the circumstances described herein, constitutes bad faith or contumacious conduct. *See Steward*, 8 F. Appx at 296 (concluding that a plaintiffs failure to comply with a courts order to submit a properly supported motion to proceed *in forma pauperis* motion or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").[3]

For these reasons, it is **RECOMMENDED** that Case No. 2:23-cv-1333 be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to pay the requisite filing fee.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert*

---

[3] Also, to the extent that Plaintiff may be seeking to consolidate her cases in an effort to avoid paying multiple filing fees, the Court notes that consolidation is not intended as a means "to make litigation more affordable" for a plaintiff. *Johnson v. Shawno Cnty. Jail*, No. 22-CV-1021, 2022 WL 17466693, at *2 (E.D. Wis. Dec. 6, 2022).

*v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judges report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED**.


**Date: July 19, 2023**　　　　　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**