UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL L. GIVENS, <br><br> Plaintiff, <br><br> v. <br><br> JOHN LONGWELL, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-1332 <br> JUDGE EDMUND A. SARGUS, JR. <br> Magistrate Judge Elizabeth Preston Deavers |
| CAROL GIVENS, <br><br> Plaintiff, <br><br> v. <br><br> CLYDE YATES, JR., *et al.*, <br><br> Defendants. | Case No. 2:23-cv-1333 <br> JUDGE EDMUND A. SARGUS, JR. <br> Magistrate Judge Elizabeth Preston Deavers |

## ORDER

This matter is before the Court on several pending motions filed by Plaintiff Carol Givens, who is proceeding *pro se*. (Case No. 2:23-cv-1332, ECF Nos. 5, 9, 15, 18, 20, 30; Case No. 2:23-cv-1333, ECF Nos. 6, 10, 16, 20, 22, 24.) The Court rules on these motions below.

## BACKGROUND

I. **Case No. 2:23-cv-1332**

Ms. Givens filed a form complaint for interpleader and declaratory relief on April 14, 2023 against Defendants John Longwell, Greg Givens, and the Village of Shadyside, Ohio. (ECF Nos. 1, 1-1.) She also alleges that she is bringing an interpleader action under 28 U.S.C. § 1335. (ECF No. 12, PageID 58.) Despite that allegation, she fills out the section of the form complaint

related to Federal Rule of Civil Procedure 22, and alleges jurisdiction is proper because the parties are diverse and the amount-in-controversy requirement is met. (*Id.* PageID 58–59.) She asserts she is a citizen of Florida, Mr. Longwell is a citizen of West Virginia, and Mr. Givens is a citizen of Ohio. (*Id.* PageID 58–59, 63.) She also represents that the property at issue is valued or appraised at an amount "around $89,000, (not counting interest and costs)" (*id.* PageID 59) but later, she states it is worth $149,000 (*id.* PageID 61).

As to the statement of interpleader action, Ms. Givens states that she "holds entitlment [*sic*]" to a parcel of property and that Mr. Longwell and Mr. Givens "both allege claim(s) to ownership/proceeds based on statutory grounds." (*Id.* PageID 61.) The property she references is described as "Belmont County, Ohio, Parcel Number 17-00607.000, also known for street purposes as: (3735 Highland Avenue, Shadyside, Ohio 43947)." (*Id.*) She also alleges that Mr. Longwell and Mr. Givens do "not hold proper/incorrect entitlement to the property and whereby I, the plaintiff, cannot determine which claim(s) are valid because of ensuing controversy, fraud, and/or deceptive practices, on the part of one or more of the defendants." (*Id.*)

## II. Case No. 2:23-cv-1333

Ms. Givens filed another complaint for interpleader and declaratory relief on the same day against Clyde Yates, Jr. and Greg Givens. (ECF Nos. 1, 1-1.) In this second action, she alleges she is bringing her interpleader action under Federal Rule of Civil Procedure 22, and that jurisdiction is proper because the action arises under "U.S.C. sections 16 U.S.C. ch. 1A, subch. II; §470; 16 U.S.C. §§1-7810; 60 Stat. 915; Public law: 89-665" and it meets diversity jurisdictional requirements. (ECF No. 11, PageID 42.) She represents that she is a citizen of Florida, Mr. Yates is a citizen of Ohio, and Mr. Givens is a citizen of Ohio. (*Id.* PageID 42–43.) She also represents that the property is valued or appraised at an amount "around $89,000, (not counting interest and costs)." (*Id.* PageID 43.)

As to the statement of interpleader action, Ms. Givens states that she "holds entitlment [*sic*]" to a parcel of property and that "Defendant Clyde Yates, Jr. and Greg Givens both allege claim(s) to ownership/proceeds based on conservatorship." (*Id.* PageID 45.) The property she references is described as "Belmont County, Ohio, Parcel No. 17-00270.000, also known for street purposes as: 3743 1/2 Highland Avenue, Shadyside, Ohio 43947, and Parcel No.17-00271.000 (Garage attachment)." (*Id.*) She also asserts that Mr. Yates and Mr. Givens do "not hold proper/incorrect entitlement to the property, and whereby I, the plaintiff, cannot determine which claim(s) are valid because of ensuing fraud, and/or deceptive practices, and federal and interstate regulation on the part of one or more of the defendants." (*Id.*)

## MOTIONS TO CONSOLIDATE

Ms. Givens has filed four motions to consolidate the two cases—two in Case No. 2:23-cv-1332 (ECF Nos. 5, 9) and two in Case No. 2:23-cv-1333 (ECF Nos. 6, 10). She argues that because the Judges of this Court, through a related case memorandum, considered these matters similar, the cases should be consolidated for efficiency purposes. (*Id.*)

Federal Rule of Civil Procedure 42(a) provides that if actions before a court "involve a common question of law or fact," the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Rule affords trial courts discretion to consolidate cases that involve common questions of law or fact. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "The underlying objective is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2381 (1971)); *accord* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2381 (3d ed. Apr. 2023 Update).

3

Although the Court agrees that these matters are related and addresses all pending motions in this omnibus Order, the Court finds that consolidation is unnecessary now and will not create efficiencies. The 1332 and 1333 Cases both involve interpleader complaints and parcels of property on the same street and in close proximity to one another, as shown from the addresses Ms. Givens provides. (*See also* 1332 Case, ECF No. 18, PageID 92, n.1) (discussing Ms. Givens's other legal matters and noting that the 1333 Case involves "another Complaint for Interpleader and Declaratory Relief regarding a garage located adjacent to the aforementioned Highland Avenue property"). Yet the Cases involve some unique parties and different properties, and Ms. Givens alleges different bases for jurisdiction in each Case.

The motions to consolidate are therefore **DENIED**. (1332 Case, ECF Nos. 5, 9; 1333 Case, ECF Nos. 6, 10.)

**MOTION FOR JUDICIAL NOTICE AND *NUNC PRO TUNC* AND OBJECTION(S)**

Next, Ms. Givens filed the following motion in both of the proceedings: "Plaintiff Motion for Judicial Notice and *Nunc Pro Tunc* on Order and Report and Recommendation with Objection(s) to Assigned Judge, and for Oral Hearing." (1332 Case, ECF No. 15; 1333 Case, ECF No. 16.) The Court construes the Motions as Objections to the Magistrate Judge's July 19, 2023 Order and Report and Recommendation. (R&R, 1332 Case, ECF No. 10; 1333 Case, ECF No. 12.) There, the Magistrate Judge denied as moot Ms. Givens's motion for leave to proceed *in forma pauperis* in the 1332 Case, but recommended denial of her motion for leave to proceed *in forma pauperis* in the 1333 Case and dismissal of that action given her failure to pay the filing fee. (*Id.*)

But on July 25, 2023, Ms. Givens paid the full filing fee in the 1333 Case, and after, the Magistrate Judge withdrew the R&R to the extent that it recommended denial of Ms. Givens's motion for leave to proceed *in forma pauperis* and dismissal of the action for failure to pay the

4

filing fee. (1333 Case, ECF No. 14.) Ms. Givens's Objections are **OVERRULED AS MOOT**. (1332 Case, ECF No. 15; 1333 Case, ECF No. 16.)

## MOTIONS TO DISMISS

I. Case No. 2:23-cv-1332

Mr. Longwell moves the Court to dismiss Ms. Givens's interpleader complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 18.) First, he argues Ms. Givens's complaint lacks the necessary requirements to establish diversity jurisdiction as required by 28 U.S.C. § 1332 to maintain her cause of action for interpleader under 28 U.S.C. § 1335. (*Id.* PageID 94.) He argues that Ms. Givens has filed many lawsuits and this is the first time that she has designated a Florida domicile. (*Id.* PageID 95.) He urges that she has done so only to attempt to satisfy diversity jurisdiction requirements and her mailing address is in Bellaire, Ohio. (*Id.* PageID 92.)

Additionally, Mr. Longwell contends Ms. Givens's complaint must be dismissed because she has failed to present any evidence of monetary deposit, bond, deed, or other supporting documents establishing an ownership interest in the property at issue as required by 28 U.S.C. § 1335(a)(2). (*Id.*)

The Village of Shadyside, Ohio filed a similar motion to dismiss under Rules 12(b)(1) and 12(b)(6). (ECF No. 20.) The Village states Ms. Givens has been deemed a vexatious litigator in state court, and so "in order for Ms. Givens to continue her campaign of frivolous litigation . . . [she] has come up with a fictitious Florida address as a means of dishonestly representing her citizenship for purposes of forum shopping and accessing the Federal Court." (*Id.* PageID 172.) The Village joins Mr. Longwell's motion and exhibits. (*Id.* PageID 172–173.) The Village also points out that even if the factual allegations in Ms. Givens's complaint are

accepted as true, there are no allegations directly against the Village, warranting its dismissal. (*Id.* PageID 174.)

Ms. Givens responds by denying Mr. Longwell's and the Village's arguments. (ECF No. 24.) She also attaches many collections letters that she drafted and sent to Defendants related to the property at issue. (*Id.* PageID 229–36.) Both Defendants replied. (ECF Nos. 28, 29.)

To begin with, the Court agrees with the Village that Ms. Givens has not met the basic requirements of notice pleading against it. The Village is mentioned only one time in Ms. Givens's complaint. (ECF No. 12, PageID 57.) The Village's motion to dismiss (ECF No. 20) is **GRANTED**. Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citation omitted).

Turning to 28 U.S.C. § 1335, district courts may maintain original jurisdiction of any civil action of interpleader filed by an entity that possesses property valuing $500 or more, or issuing a note, bond, certificate, or insurance policy for $500 or more, if two or more adverse claimants of diverse citizenship make claim to the same money, property, or benefits. 28 U.S.C. § 1335(a)(1). For a court to have jurisdiction over the action, the plaintiff must also deposit the money or property with the clerk of court, or provide a bond payable in the same amount as a surety. 28 U.S.C. § 1335(a)(2); *see New York Life Ins. Co. v. Baker*, No. 2:20-CV-2577, 2020 WL 7040647, at *2 (S.D. Ohio Nov. 30, 2020).

"In other words, 'it is a condition on jurisdiction under the statute that the stakeholder deposit with the registry of the court the money or property that is the subject of the multiple claims, or that the stakeholder give a bond in a sufficient amount to insure compliance with any future order or judgment of the court in the action.'" *W. & S. Life Ins. Co. v. Neely*, No. 3:21-

6

CV-59, 2021 WL 4479583, at *1–2 (S.D. Ohio Sept. 30, 2021) (Rose, J.) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1716 (3d ed)); *see also Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 485 (E.D.N.Y. 2019) ("the deposit requirement is not optional; without a deposit or bond, the Court does not have subject matter jurisdiction and thus has no authority to hear the dispute").

When considering an interpleader action, a district court first "determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (internal citation omitted). The court will then determine "the rights of the claimants to the fund at stake via the normal litigation process." *Id.*

Ms. Givens's interpleader complaint does not make it past the Court's first inquiry. The record does not indicate Ms. Givens has deposited with the registry of the Court the money or property that she alleges is the subject of the multiple claims, or given bond in a sufficient amount to insure compliance with any future order or judgment of this Court. *See* 28 U.S.C. § 1335(a)(2). Without the deposit or bond, the Court does not have subject matter over this action and no authority to hear the dispute.

Defendants devote much of their briefs to a discussion about Ms. Givens's alleged Florida citizenship, but that is not relevant to establish diversity under 28 U.S.C. § 1335 as the diversity inquiry relates to the claimants. 28 U.S.C. § 1335 ("Two or more adverse claimants, of diverse citizenship . . ."); *see also* (ECF No. 12, PageID 60 ("In order for this court to have jurisdiction over this action, at least two defendants must be citizens of different States as defined in 28 U.S.C. § 1332(a) or (c), . . .").)

Ms. Givens has **ten days** from the date of this Order to comply with 28 U.S.C. § 1335(a)(2). She is **warned** that if she does not do so, this action will be dismissed. Mr. Longwell's motion to dismiss is **HELD IN ABEYANCE**. (ECF No. 18.)

## II. Case No. 2:23-cv-1333

Mr. Yates moved to dismiss in the 1333 Case. (ECF No. 20.) Mr. Yates argues Ms. Givens fails to allege any specific facts to state a claim upon which relief can be granted under Rule 12(b)(6), does not raise a federal question, and that "although she has typed a Florida address on her recent pleadings, as well as the Priority Express Mail Envelope(s), the Court documents and mailings confirm that she is still living in Ohio." (*Id.* PageID 104.) He observes that the postmarks of Ms. Givens's envelops indicate her filings are not being mailed from Florida. (*Id.*) Ms. Givens responds, but her brief is difficult to understand. (ECF No. 23.) She denies Mr. Yates's arguments, but without explanation. (*Id.*)

Ms. Givens asserts she is bringing a Rule 22 interpleader action in the 1333 Case. (ECF No. 11, PageID 42.) Under Rule 22, a plaintiff may bring an interpleader action joining as defendants "[p]ersons with claims that may expose a plaintiff to double or multiple liability." "[U]nlike the interpleader statute which grants district courts original jurisdiction, the interpleader rule is merely a procedural device and does not grant this Court subject matter jurisdiction." *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D.Mich.1990) (citing *Bell & Beckwith v. United States*, 766 F.2d 910, 914 (6th Cir.1985)). Accordingly, "[i]n an action brought pursuant to the interpleader rule, either federal question jurisdiction or diversity jurisdiction must be established." *Id.*

Ms. Givens states that this Court has jurisdiction under both federal question and diversity jurisdiction. (ECF No. 11, PageID 42.) As to federal question jurisdiction, Ms. Givens cites "U.S.C. sections 16 U.S.C. ch. 1A, subch. II; §470; 16 U.S.C. §§1-7810; 60 Stat. 91 5;

8

Public law: 89-665." (*Id.*) Citing an entire title of the United States Code does not meet Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements.

Even assuming that Ms. Givens is citizen of Florida, diversity exists between the parties, and the amount-in-controversy is met—and the Court questions the aforementioned given Mr. Yates's brief and other briefs of which the Court can take judicial notice—the Court agrees with Mr. Yates that Ms. Givens has failed to allege any specific facts on which relief can be granted under Rule 12(b)(6). Ms. Givens provides no facts about why or how Mr. Yates and Mr. Givens have claims that may expose her to double or multiple liability. Fed. R. Civ. P. 22. She references Title 16, fraud, deceptive practices, and federal and interstate regulation, but with no explanation or elaboration. In her response to Mr. Yates's motion to dismiss, she discusses her run for public office. (ECF No. 23, PageID 122.) Although *pro se* pleadings are afforded liberal treatment, such "lenient treatment has limits" and the Court "should not have to guess at the nature of the claim asserted." *Stepter v. Warden, Hocking Corr. Facility*, No. 2:12-CV-01209, 2013 WL 4456043, at *2 (S.D. Ohio Aug. 16, 2013) (citation omitted).

Mr. Yates's motion to dismiss for failure to state a claim (ECF No. 20) is **GRANTED**. The Court **DISMISSES** the 1333 Case. Ms. Givens has not properly invoked Rule 22 interpleader because it is unclear from her pleadings how or why she may be exposed to double or multiple liability. *See* Fed. R. Civ. P. 22(a)(1). Additionally, a Rule 22 interpleader action by a plaintiff proceeds against "persons" not a "person," (*see id.*) and here, only Mr. Givens remains, who has yet to move or plead.

## CONCLUSION

Ms. Givens's motions to consolidate are **DENIED.** (1332 Case, ECF Nos. 5, 9; 1333 Case, ECF Nos. 6, 10.)

9

"Plaintiff Motion[s] for Judicial Notice and *Nunc Pro Tunc* on Order and Report and Recommendation with Objection(s) to Assigned Judge, and for Oral Hearing," which the Court construes as Objections to the R&R are **OVERRULED AS MOOT**. (1332 Case, ECF No. 15; 1333 Case, ECF No. 16.)

The Village of Shadyside, Ohio's motion to dismiss (1332 Case, ECF No. 20) is **GRANTED**. The Clerk is **DIRECTED** to terminate the Village as a party.

In the 1332 Case, Ms. Givens has **ten days** from the date of this Order to comply with 28 U.S.C. § 1335(a)(2) by depositing the money or property with the Clerk of Court, or providing a bond payable in the same amount as a surety. She is **warned** that if she does not do so, that action will be dismissed. Mr. Longwell's motion to dismiss is **HELD IN ABEYANCE**. (1332 Case, ECF No. 18.)

Mr. Yates's motion to dismiss for failure to state a claim (1333 Case, ECF No. 20) is **GRANTED.**

Ms. Givens's pending Motions for Order to Set Scheduling Conference (1332 Case, ECF No. 30; 1333 Case, ECF No. 24)—are **DENIED AS MOOT**. Ms. Givens's Motion for an Extension (1333 Case, ECF No. 22) is also **DENIED AS MOOT**.

Case 23-cv-1332 remains open.

Case 23-cv-1333 is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment dismissing the case.

**IT IS SO ORDERED.**

**3/27/2024**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**