UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAROL L. GIVENS,**

    **Plaintiff,**

v.

    Case No 2:23-cv-1332
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth Preston Deavers

**JOHN LONGWELL,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court *sua sponte* following its March 27, 2024 Order giving Plaintiff Carol L. Givens "**ten days** from the date of [that] Order to comply with 28 U.S.C. § 1335(a)(2) by depositing the money or property with the Clerk of Court or providing a bond payable in the same amount as a surety." (ECF No. 31.)

As background, Ms. Givens commenced this action by filing a Motion for Leave to Proceed *In Forma Pauperis* with a form civil complaint for interpleader and declaratory relief attached. (ECF No. 1.) Defendant John Longwell filed a Motion to Dismiss her complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 18.) In part, Mr. Longwell contended that Ms. Givens's complaint must be dismissed because she has failed to present any evidence of monetary deposit, bond, deed, or other supporting documents establishing an ownership interest in the property at issue as required by 28 U.S.C. § 1335(a)(2). (*Id.* PageID 92.)

Indeed, for a court to have jurisdiction over an interpleader action, a plaintiff must deposit the money or property at issue with the clerk of court or provide a bond payable in the same amount

1

as a surety. 28 U.S.C. § 1335(a)(2); *see New York Life Ins. Co. v. Baker*, No. 2:20-CV-2577, 2020 WL 7040647, at *2 (S.D. Ohio Nov. 30, 2020). "[T]he deposit requirement is not optional; without a deposit or bond, the Court does not have subject matter jurisdiction and thus has no authority to hear the dispute." *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 485 (E.D.N.Y. 2019). As such, this Court held Mr. Longwell's motion to dismiss in abeyance and ordered Ms. Givens to comply with 28 U.S.C. § 1335(a)(2) within ten days. (ECF No. 31.) Ms. Givens was warned that if she did not comply with the Order, her action would be dismissed. (*Id.*)

Subsequent to this Court's March 27, 2024, Order, Ms. Givens filed three motions. First, Ms. Givens filed a Motion for Extension of Time to File Objections to this Court's March 27, 2024, Order. (ECF No. 33.) Ms. Givens requested 30 days to file written objections and a stay of this Court's March 27, 2024 Order referencing the "obligations for Bond imposed" because she received this Court's March 27, 2024 Order on April 8, 2024, which did not provide her sufficient time to respond or appeal. (*Id.*) Second, Ms. Givens filed an Emergency Motion to Reopen the Time to File Bond. (ECF No. 34.) This motion is substantially similar to Ms. Givens's Motion for Extension of Time to File Objections to this Court's March 27, 2024, Order. (*Id.*) Third, Ms. Givens filed a Motion for Reconsideration. (ECF No. 37.) Ms. Givens appealed to a "Senior Judge for Consideration/Reconsideration and Bond, estimated at $130.00 based upon current evaluation." (*Id.*)

Ms. Givens then filed a notice of appeal of this Court's March 27, 2024, Order. (ECF No. 38.) The Sixth Circuit dismissed Ms. Givens's appeal for lack of jurisdiction, explaining that it may only exercise jurisdiction over final orders and certain interlocutory and collateral orders, and this Court's March 27, 2024, Order was not a final order that disposed of the merits of Ms. Givens's case, nor was it an interlocutory or collateral order. (ECF No. 41.)

As the date of this Order, Ms. Givens has not complied with this Court's March 27, 2024, Order because she has failed to deposit the money or property with the Clerk of Court or provide a bond payable in the same amount as a surety. Thus, this Court does not have subject matter jurisdiction over this action and no authority to hear the dispute. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Accordingly, Mr. Longwell's Motion to Dismiss is **GRANTED**. (ECF No. 18.) This action is **DISMISSED** for lack of subject matter jurisdiction. Ms. Givens's pending motions for extensions and reconsideration are **DENIED as moot**. (ECF Nos. 33, 34, and 37.)

The Clerk is **DIRECTED** to **ENTER JUDGMENT** and **TERMINATE** this case.

**IT IS SO ORDERED.**

<u>**7/16/2024**</u>          <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                    **EDMUND A. SARGUS, JR.**
                            **UNITED STATES DISTRICT JUDGE**