UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAROL L. GIVENS,**

      **Plaintiff,**

  v.

**JOHN LONGWELL,** *et al.***,**

      **Defendants.**

**Case No. 2:23-cv-1332**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth Preston Deavers**

## OPINION AND ORDER

This matter is before the Court on Defendant John Longwell's "Motion for Sanctions Pursuant to Civ. Rule 11." (ECF No. 44.) The Village of Shadyside, Ohio filed a "Motion for Sanctions Pursuant to Civ. R. 11" (ECF No. 45) too, joining with and incorporating by reference Mr. Longwell's Motion. For the reasons below, the Motions are **GRANTED in part** and **DENIED in part**. (ECF Nos. 44, 45.)

## BACKGROUND

The facts here, and in a relevant, related case, *Givens v. Yates et al.*, Case No. 2:23-cv-1333 (S.D. Ohio Apr. 14, 2023), are summarized at length in this Court's prior Opinion and Order. (O&O, ECF No. 31.) They are repeated below in pertinent part.

    I. **Case No. 2:23-cv-1332**

In this action, Ms. Givens filed a form complaint for interpleader and declaratory relief on April 14, 2023 against Defendants John Longwell, Greg Givens, and the Village of Shadyside, Ohio. (ECF Nos. 1, 1-1.) She alleged that she was bringing an interpleader action under 28 U.S.C. § 1335. (ECF No. 12, PageID 58.) Despite that allegation, she filled out the section of the form complaint related to Federal Rule of Civil Procedure 22, and alleged

jurisdiction was proper because the parties were diverse and the amount-in-controversy requirement was met. (*Id.* PageID 58–59.) She asserted she was a citizen of Florida, Mr. Longwell was a citizen of West Virginia, and Mr. Givens was a citizen of Ohio. (*Id.* PageID 58–59, 63.) She also represented that the property at issue was valued or appraised at an amount "around $89,000, (not counting interest and costs)" (*id.* PageID 59) but later, she stated it was worth $149,000 (*id.* PageID 61).

As to the statement of interpleader action, Ms. Givens stated that she "holds entitlement" to a parcel of property and that Mr. Longwell and Mr. Givens "both allege[d] claim(s) to ownership/proceeds based on statutory grounds." (*Id.* PageID 61.) The property she referenced was described as "Belmont County, Ohio, Parcel Number 17-00607.000, also known for street purposes as: (3735 Highland Avenue, Shadyside, Ohio 43947)" ("Property"). (*Id.*) She alleged that Mr. Longwell and Mr. Givens do "not hold proper/incorrect entitlement to the property and whereby I, the plaintiff, cannot determine which claim(s) are valid because of ensuing controversy, fraud, and/or deceptive practices, on the part of one or more of the defendants." (*Id.*)

II. **Case No. 2:23-cv-1333**

In Case No. 2:23-cv-1333, Ms. Givens filed another complaint for interpleader and declaratory relief on the same day against Clyde Yates, Jr. and Greg Givens. (Case No. 2:23-cv-1333, ECF Nos. 1, 1-1.) She alleged she was bringing her interpleader action under Federal Rule of Civil Procedure 22, and that jurisdiction was proper because the action arose under "U.S.C. sections 16 U.S.C. ch. 1A, subch. II; §470; 16 U.S.C. §§1-7810; 60 Stat. 915; Public law: 89-665," and it met diversity jurisdictional requirements. (*Id.*, ECF No. 11, PageID 42.) She represented that she was a citizen of Florida, Mr. Yates was a citizen of Ohio, and Mr. Givens was a citizen of Ohio. (*Id.* PageID 42–43.) She also represented that the Property was valued or

appraised at an amount "around $89,000, (not counting interest and costs)." (*Id.* PageID 43.)

As to the statement of interpleader action, Ms. Givens stated that she "holds entitlement" to a parcel of property and that "Defendant Clyde Yates, Jr. and Greg Givens both allege claim(s) to ownership/proceeds based on conservatorship." (*Id.* PageID 45.) The property she referenced was described as "Belmont County, Ohio, Parcel No. 17-00270.000, also known for street purposes as: 3743 1/2 Highland Avenue, Shadyside, Ohio 43947, and Parcel No.17-00271.000 (Garage attachment)" ("Second Property"). (*Id.*) She asserted that Mr. Yates and Mr. Givens do "not hold proper/incorrect entitlement to the property, and whereby I, the plaintiff, cannot determine which claim(s) are valid because of ensuing fraud, and/or deceptive practices, and federal and interstate regulation on the part of one or more of the defendants." (*Id.*)

### III. The Court's Opinion and Order

By Opinion and Order (ECF No. 31), this Court addressed motions to dismiss filed in both of Ms. Givens's cases. In this case, Mr. Longwell and the Village of Shadyside had moved to dismiss. (ECF Nos. 18, 20.) The Court found that Ms. Givens had not met the basic requirements of notice pleading against the Village, which was mentioned only one time in her complaint, and granted the Village's motion. (O&O, ECF No. 31, PageID 300.)

Addressing Mr. Longwell's motion, the Court explained that district courts may maintain original jurisdiction of any civil action of interpleader filed by a person or entity that possesses money or property valuing $500 or more, or having issued a note, bond, certificate, or insurance policy for $500 or more, if two or more adverse claimants of diverse citizenship make claim to the same money, property, or benefits. (O&O, PageID 300); 28 U.S.C. § 1335(a)(1). For a court to have jurisdiction over the action, the plaintiff must deposit the money or property with the clerk of court, or provide a bond payable in the same amount as a surety. (O&O, PageID 300); 28 U.S.C. § 1335(a)(2); *see New York Life Ins. v. Baker*, No. 2:20-CV-2577, 2020 WL 7040647,

3

at *2 (S.D. Ohio Nov. 30, 2020) (Marbley, J.). Because the record did not indicate that Ms. Givens had deposited with the registry of the Court the money or property that she alleged was the subject of the multiple claims, or given bond in a sufficient amount, *see* 28 U.S.C. § 1335(a)(2), the Court gave Ms. Givens ten days from the date of the Order to comply with statute. (O&O, PageID 302.) Without the deposit or bond, the Court lacked subject matter jurisdiction over the action or authority to hear the dispute. (*Id.*) Ms. Givens was warned that if she disregarded 28 U.S.C. § 1335(a)(2) and the Court's Order, her action would be dismissed. (*Id.*)

After the Court's Order, Ms. Givens filed additional motions and an appeal to the Sixth Circuit, which was dismissed for lack of jurisdiction. (ECF No. 42, PageID 355.) Despite her filings, she failed to comply with the Court's Order, and so the Court granted Mr. Longwell's motion to dismiss, denied as moot Ms. Givens's pending motions, and entered judgment. (*Id.*; ECF No. 43.)

As for Case No. 2:23-cv-1333, addressing Mr. Yates's motion to dismiss, the Court explained that it was unclear whether federal question jurisdiction or diversity jurisdiction had been established—a prerequisite for a Rule 22 interpleader action. (O&O, PageID 302.) Even assuming that Ms. Givens was citizen of Florida (a disputed fact), diversity existed between the parties, and the amount-in-controversy was met—Ms. Givens had failed to allege any facts on which relief could be granted under Rule 12(b)(6). (*Id.* PageID 303.) The Court granted Mr. Yates's motion and dismissed Case No. 2:23-cv-1333, explaining Rule 22 interpleader had not been properly invoked. (*Id.*) In addition, a Rule 22 interpleader action by a plaintiff proceeds against "persons" not a "person," and only Mr. Givens remained. (*Id.*) The clerk entered judgment. (ECF No. 26.)

Ms. Givens again appealed to the Sixth Circuit, but her appeal was dismissed for want of prosecution. (ECF Nos. 27, 29.)

**IV.     Sanctions Motions**

Mr. Longwell moves for sanctions pursuant to Federal Rule of Civil Procedure 11. (Longwell Mot., ECF No. 44.) The Village of Shadyside, Ohio moves as well, joining with and incorporating by reference Mr. Longwell's Motion. (Village Mot., ECF No. 45.) The Movants argue that Ms. Givens "has perpetuated and continues to perpetuate a fraud upon this Court" and "has engaged in frivolous and vexatious conduct." (Longwell Mot., PageID 359.)

Mr. Longwell explains that Ms. Givens has filed a series of state court lawsuits regarding the Property. (*Id.*) The Seventh District Court of Appeals of Ohio affirmed that the underlying tax sale of the Property to Mr. Longwell was proper. (ECF No. 44-1.) The same Court affirmed the dismissal of three lawsuits Ms. Givens filed in the Belmont County Court of Common Pleas against Mr. Longwell regarding the same Property. (ECF No. 44-2.)

Ms. Givens continued on in her pursuit to establish her ownership of the Property, filing a mechanics' lien against Mr. Longwell as to the Property. (Longwell Mot., PageID 360.) She filed a similar mechanics' lien against Mr. Yates's related Second Property. (*Id.*) Mr. Longwell explains that the Belmont County Prosecutor's Officer has filed two criminal charges for Falsification against Ms. Givens from the lien filings. (*Id.*; ECF No. 44-5.)

Ms. Givens filed another lawsuit against many defendants, including Mr. Longwell, in this Court—*Givens v. Vavra et al.*, Case No. 2:23-cv-1330 (S.D. Ohio Apr. 14, 2023) (Morrison, C.J.). That suit was ultimately dismissed with prejudice for lack of subject matter jurisdiction. *Vavra*, Case No. 2:23-cv-1330, ECF No. 59. Although Ms. Givens appealed to the Sixth Circuit, the case was dismissed for lack of prosecution. *Id.* ECF No. 72.

Finally, both the Belmont County Court of Common Pleas and Seventh District Court of

5

Appeals of Ohio have ruled Ms. Givens to be a vexatious litigator under Ohio Revised Code § 2323.52. (Longwell Mot. PageID 361.)

Mr. Longwell argues that "[b]oth State and Federal Courts in Ohio have repeatedly held that Plaintiff has no standing to sue to reverse the tax sale on the Property and/or that she does not have a valid claim to the Property that was sold." (*Id.* PageID 363.) He also asserts that Ms. Givens "has continued to defraud this Court by misrepresenting that she is/was a resident of Florida." (*Id.*) Mr. Longwell asks that the Court declare Ms. Givens to be a vexatious litigator and for an order "requiring Ms. Givens to either have a licensed attorney in the jurisdiction where she intends to file a lawsuit to sign off on any pleading filed on her behalf and/or to file a Motion for Leave to Proceed before she is permitted to file any pleading in federal court." (*Id.*) He requests a sanction in the form of an award of reimbursement of private attorneys' fees and any other relief the Court deem appropriate. (*Id.*)

## LEGAL STANDARDS

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (Marbley, J.) (citation omitted). The Sixth Circuit has approved prefiling restrictions imposed on harassing and vexatious litigators as an inherent constitutional and statutory power of the federal courts. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (noting courts can restrict harassing and vexatious litigators); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) (affirming courts ability to impose prefiling restrictions in matters with a history of vexatious litigation).

Federal Rule of Civil Procedure 11 is relevant to Defendants' sanctions request.

6

Subsection (b) of the Rule provides that by presenting a paper to the Court:

> [A]n attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Fed. R. Civ. P. 11(b) (emphasis added).

"A party seeking sanctions must follow a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997); Fed. R. Civ. P. 11(c)(2); *see First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 510 (6th Cir. 2002) (explaining Rule 11's safe harbor requirements); *Hairston v. Sparks*, No. 1:22-CV-104, 2025 WL 349007, at *9 (S.D. Ohio Jan. 31, 2025) (Silvain, Jr., M.J.) (describing the safe harbor process as an "absolute requirement"). Subsection (c) of Rule 11 details that if, after notice and a reasonable opportunity to respond, the Court determines that subsection (b) has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). And subsection (c)(4) explains the nature of the sanction may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

7

Moreover, "[e]ven *pro se* litigants, regardless of their level of legal sophistication, may not disregard the law or engage in abusive conduct." *Jamar-Mamon X v. Univ. of Cincinnati*, No. 1:24-CV-484, 2024 WL 4878829, at *5 (S.D. Ohio Nov. 25, 2024) (Barrett, J.) (citing *Givens v. Criswell*, No. 5:08-CV-25, 2010 WL 10862445, at *2–3 (N.D. W. Va. June 24, 2010)). But, the Court's authority "must be exercised with the greatest restraint and caution, and then only to the extent necessary." *Id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993)).

## ANALYSIS

Ms. Givens's litigation and filings reached a vexatious level. Mr. Longwell summarized the relevant state court litigation, and from this Court's count, Ms. Givens has filed three lawsuits in this Court related to the Properties—this case, Case No. 2:23-cv-1333, and Case No. 2:23-cv-1330. Given the representations made in Mr. Longwell's Motion about Ms. Givens's state court litigation, Ms. Givens's federal court lawsuits may have also been dismissed under the *Rooker/Feldman* abstention doctrine. *See Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001) (discussing the *Rooker/Feldman* doctrine as a form of abstention standing for the "proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments").

This Court is aware of another federal lawsuit filed by Ms. Givens against Shadyside Police Department and several officials of the Village of Shadyside and Belmont County, Ohio, alleging that such defendants retaliated against her for exercising her First Amendment rights to run for office and petition the government. *Givens v. Shadyside Police Dep't et al.*, Case No. 2:22-cv-4252 (S.D. Ohio Dec. 1. 2022) (Morrison, C.J.). Summary judgment was granted for the defendants. *Id.*, ECF No. 28.

Given her lengthy history of filing harassing litigation against many of the same defendants, the Court **DECLARES Ms. Givens a vexatious litigator**. *See Marbly v. Wheatley*, 87 F. App'x 535, 536 (6th Cir. 2004) (explaining district courts have the "authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so") (citing *Feathers*, 141 F.3d at 269; *Filipas*, 835 F.2d at 1146). Ms. Givens must abide by the below the filing restrictions outlined below in the Conclusion section.

Even so, the Court will not issue a sanction in the form of attorneys' fees. While there is little doubt that the repetitive, baseless litigation filed by Ms. Givens has been time consuming, costly, and cumbersome for the Defendants to deal with, sanctions against a *pro se* litigant are a harsh result inappropriate at this time.[1] Additionally, Defendants' Motions do not include any assertion that they complied with Rule 11's safe harbor filing requirements.

## CONCLUSION

Defendant John Longwell's "Motion for Sanctions Pursuant to Civ. Rule 11" (ECF No. 44) and the Village of Shadyside, Ohio's "Motion for Sanctions Pursuant to Civ. R. 11" (ECF No. 45) are **GRANTED in part** and **DENIED in part**.

Ms. Givens is **DEEMED a vexatious litigator**. The Court **ORDERS** that before Ms. Givens files any new lawsuit in this Court she must obtain a certification of an attorney in good standing in this Court that such case is not frivolous and is not brought for any improper purpose, or Ms. Givens must successfully move for leave from the Court before filing any pleading in this

---

[1] The Court has doubts about Ms. Givens's ability to pay any monetary sanction. In at least one case, *Givens*, Case No. 2:22-cv-4252, the Court granted her motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). *Givens*, Case No. 2:22-cv-4252, ECF No. 3, PageID 134. In other federal cases, she either paid the filing fee or moved for leave to proceed *in forma pauperis*, but then paid the filing fee, mooting her motions for leave. *Givens*, Case No. 2:23-cv-01332, ECF Nos. 1, 9, 10; *Givens*, Case No. 2:23-cv-1333, ECF Nos. 1, 14; *Givens*, Case No. 2:23-cv-1330, ECF No. 1.

Court. Ms. Givens is **WARNED** that failure to comply with this Court's Order could result in sanctions in the form of, including, but not limited to, reasonable attorneys' fees.

The Clerk is **DIRECTED** to mail a copy of this Opinion and Order to Carol L. Givens at 410 River Grove Ct, Merritt Island, FL 32953 and another copy to Carol L. Givens at PO Box 117, Bellaire, OH 43906. This case remains closed.

**IT IS SO ORDERED.**


**3/5/2025**                                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**